FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 17 2011

JAMES N. HATTEN, Clerk
By_____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| KATHRYN DESANTIS, | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| v. | : | |
| | : | **FILE NO. 1·11·CV-2730** |
| SERVING CRABAPPLE, LLC | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

### COMPLAINT

COMES NOW Kathryn DeSantis ("Plaintiff"), and brings this action against Defendant Serving Crabapple, LLC ("Defendant"), by and through her attorney, and alleges as follows:

1.

Plaintiff brings this action against Defendant, a Georgia limited liability company, for overtime compensation, minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended 29 U.S.C. § 216 (b) (the "FLSA").

2.

Plaintiff was a bar manager at Milton's Restaurant, an eating establishment of Defendant.

3.

This action is brought under the FLSA to recover from Defendant overtime compensation, minimum wages, liquidated damages, and reasonable necessary's attorneys' fees and costs.

## JURISDICTION

4.

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §
1337 and the FLSA as well as the authority to grant declaratory relief under the FLSA pursuant
to 28 U.S.C. § 2201 et. seq.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6.

Plaintiff is a Georgia resident with a primary address of 473 Grayson Way, Alpharetta,
Georgia 30004.

7.

Defendant is a Georgia limited liability company with a principal address of 780
Mayfield Road, Alpharetta, Georgia 30004.

8.

Defendant is an employer as defined by 29 U.S.C. § 201 et seq.  Defendant may be
served pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on its Registered
Agent, Bret Berman, 45 Old Ivy Road, Atlanta, Fulton County, Georgia 30342.

## VIOLATIONS OF THE FLSA

9.

At all material times relevant to this action, Defendant was an enterprise covered by the
FLSA, as defined by 29 U.S.C. §§ 203(r) and 203(s).

10.

At all times relevant to this Complaint, Plaintiff was an employee of Defendant within the meaning of the FLSA.

11.

At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because during her employment with Defendant, Plaintiff was not paid the required minimum wage for all hours worked, including working hours for which she did not receive any compensation at all.

12.

At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because during her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) within a work-week during one or more work-weeks.

13.

Upon information and belief, the complete records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I – RECOVERY OF MINIMUM WAGES

14.

Plaintiff re-incorporates and re-adopts all allegations contained in Paragraphs 1-13 above.

15.

Plaintiff was entitled to be paid at least minimum wage for each hour she worked during her employment with Defendant.

3

16.

Plaintiff's employment with Defendant was terminated in April 2011, and although Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, Defendant has refused and/or failed to compensate her for same.

17.

Defendant willfully failed to pay Plaintiff minimum wages for one or more weeks of work contrary to 29 U.S.C. § 206.

18.

As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT II – RECOVERY OF OVERTIME COMPENSATION

19.

Plaintiff re-incorporates and re-adopts all allegations contained within Paragraphs 1-18 above.

20.

Plaintiff is entitled to receive proper payment of time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per week.

21.

During her employment with Plaintiff, Plaintiff routinely worked overtime hours that she was not properly compensated for.

22.

Defendant willfully and deliberately failed to pay Plaintiff time and one-half her regular rate of pay for each hour she worked in excess of forty (40) hours per week.

4

23.

As a direct and proximate result of Defendant's deliberate and willful failure to pay Plaintiff time and one-half her regular rate of pay for each hour she worked in excess of forty (40) hours per week, Defendant has been damaged in an amount to be proven at trial.

## COUNT III – BREACH OF CONTRACT

24.

Plaintiff hereby re-incorporates and re-adopts all allegations contained in Paragraphs 1-23 above.

25.

During her employment with Defendant, Defendant was employed as a Bar Manager.

26.

In exchange for providing services as a Bar Manager on behalf of Defendant, Defendant agreed to pay Plaintiff a wage of Ten Dollars And No/100 ($10.00) per hour.

27.

On multiple occasions during her employment with Defendant, Defendant failed to pay Plaintiff the rate of Ten Dollars And No/100 ($10.00) per hour.

28.

As a direct and proximate result of Defendant's failure to pay Plaintiff a wage of Ten Dollars And No/100 ($10.00) per hour, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT IV – LIQUIDATED DAMAGES

29.

Plaintiff hereby re-incorporates and re-adopts all allegations contained in Paragraphs 1-28 above.

30.

Defendant's actions with respect to its failure to pay Plaintiff both a minimum wage for all hours worked and time and one half for all hours worked above forty in a work-week, were willful and deliberate.

31.

There is no evidence that Defendant's actions in failing to pay Plaintiff either a minimum wage or proper overtime compensation was done in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

32.

Defendant's actions and lack of good faith in failing to comply with the FLSA, give rise to a claim for unpaid compensation for three (3) years prior to the filing of this Complaint, and liquidated damages in an amount equal to the unpaid compensation.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that this Court do the following:

1. Issue a declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff;

2. Require Defendant to pay Plaintiff damages for lost overtime compensation calculated at one and one half times Plaintiff's hourly rate of Ten Dollars And No/100 ($10.00) for all hours worked above forty (40) in a work-week;

6

3. Require Defendant to pay Plaintiff damages for all hours she worked and for which Defendant failed to pay Plaintiff a minimum wage;

4. Require Defendant to pay Plaintiff damages for all hours she worked and for which she was not paid an hourly rate of Ten Dollars And No/100 ($10.00) per hour;

5. Require Defendant to pay Plaintiff liquidated damages as provided for under the FLSA;

6. Permit a trial by jury on all issues so triable; and

7. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL CLAIMS FOR WHICH SHE HAS A RIGHT TO A JURY.**

Respectfully submitted this 17th day of August, 2011.

MBW LAW, LLC

Michael B. Weinstein
Georgia Bar No. 746386
4640 Valais Court – Suite 203
Alpharetta, Georgia 30022
(678) 387-3396 (O)
(678) 990-1732 (F)
*Attorney for Plaintiff*