# EXHIBIT "A"

# SETTLEMENT AGREEMENT
# AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter, "the Agreement") is made and entered into by and between **Serving Crabapple, LLC,** d/b/a Milton's Restaurant (hereinafter referred to as "Defendant" or "Serving Crabapple") for itself and its divisions, subdivisions, parents, and affiliates and **Kathryn DeSantis** (hereinafter referred to as "*Plaintiff*").

## W I T N E S S E T H:

**WHEREAS,** *Plaintiff* was employed by Serving Crabapple, and

**WHEREAS,** on or about August 17, 2011, *Plaintiff* instituted a civil action in the United States District Court for the Northern District of Georgia, Atlanta Division, styled Kathryn Desantis v. Serving Crabapple, LLC, which was assigned Civil Action No. 1:11-CV-2730 (hereinafter "the Civil Action"); and

**WHEREAS,** *Plaintiff* asserts claims in the Civil Action for failure to pay wages under the Fair Labor Standards Act; and seeks damages for back pay, liquidated damages, compensatory damages, prejudgment interest, attorney's fees, and costs; and

**WHEREAS,** on or about November 7, 2011, *Plaintiff* filed her First Amended Complaint in the aforementioned matter adding a claim of discrimination under the Age Discrimination in Employment Act;

**WHEREAS,** *Defendant* has denied and continues to deny any liability to *Plaintiff* on the basis of any claim, asserted or unasserted, in the Civil Action; and

- 1 -

Initials _____

Initials _____

**WHEREAS,** *Defendant* asserts that there is no factual or legal basis for the allegations in the Civil Action; and

**WHEREAS,** the Agreement constitutes a good faith settlement of questionable and disputed claims; and

**WHEREAS,** the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that **Serving Crabapple**, or any of their officials, officers, employees and/or other agents acted contrary to the law or violated the rights of *Plaintiff* or any other person at any time; and

**NOW, THEREFORE,** in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, *Defendant* and *Plaintiff* agree as follows:

### RESTRICTED DISCLOSURE

1.

Although the parties are required to file this Agreement with the Court to effectuate a dismissal of the Civil Action, the *Plaintiff* agrees that she will otherwise (a) use her best efforts to prevent disclosure of the terms of the Agreement; (b) avoid direct or indirect references, whether by her actions or words, to the terms of the Agreement; (c) not initiate discussions, correspondence or other communications regarding the terms of the Agreement; (d) confine any unavoidable remarks relating directly or indirectly to the terms of the Agreement to a statement to the effect that "the matter has been resolved to the mutual satisfaction of all interested parties;" and (e) not show the Agreement to or discuss its contents with any person other than her attorneys, her current spouse, her accountant, the Internal Revenue Service, the Georgia Department of Revenue, or such other persons as may otherwise be required by law. *Plaintiff* understands

- 2 -

Initials _____

Initials _____

and acknowledges that the foregoing is a material term of this Agreement, and without such representations and warranties by *Plaintiff*, *Defendant* would not have entered into this Agreement.

## CONSIDERATION

2.

In consideration for the execution by *Plaintiff* of this Agreement and her compliance with the promises made herein and approval of the Court of this Agreement ("**Severance Vesting Date**") *Defendant* will cause to be paid to *Plaintiff* and her attorneys in the total sum of Twenty-Two Thousand Five Hundred Dollars ($22,500.00) of which $15,000 will be paid to Plaintiff and $7,500 will be paid to Plaintiff's attorney as described below:

a. Plaintiff will receive $15,000 in two (2) separate checks, one for $7,500 which will constitute wages, and the other for $7,500 which will constitute liquidated damages ("Plaintiff's Settlement Funds.")

b. Plaintiff's attorney, Michael B. Weinstein, Esq., will be paid $7,500 as attorney's fees and expenses of litigation ("Attorney's Fees"). The Attorney's Fees will be made payable to "MBW Law, LLC," which amount is allocated as attorneys' fees and expenses of litigation and for which 1099 forms will be issued.

The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, interest, attorneys' fees, and legal costs and expenses, including but not limited to those claims set forth and/or which could have been set forth in the Civil Action. *Defendant* agrees that the attorneys' fees and costs allocated herein are reasonable and customary as to the rate charged, the work done and the time billed for that work.

- 3 -

Initials _____

Initials _____

Except as expressly provided for in this Paragraph, the parties shall bear their own costs with respect to the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses.

## DISMISSAL OF ACTION

3.

*Plaintiff* agrees to dismiss, with prejudice, the Civil Action and agrees that she will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed. Upon payment of all sums under this Agreement, *Plaintiff* will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "A."

## WAIVER AND RELEASE OF ALL CLAIMS

4.

*Plaintiff*, for herself, her attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever releases and discharges *Defendant* and all of its present or former attorneys, owners, managers, officers, officials, employees, assigns, principals and/or agents ("Released Parties") from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which she has or may have against them growing out of or arising from or pertaining to any transaction, dealing, conduct, act or omission by and between *Plaintiff* and Serving Crabapple, or any other matters or things occurring or existing at any time prior to the execution of the Agreement, including but not limited to those growing out of, arising from or in any way connected with or related to her employment with *Defendant*, including

- 4 -

Initials _____

Initials _____

but not limited to, the Civil Action, and the matters which were alleged or could have been alleged in the Civil Action. *Plaintiff* represents that she is unaware of any other claim, demand, action, cause of action or suit for damages, losses, costs, expenses or attorneys' fees, which she has or may have against either Serving Crabapple, at this time, whether or not related to her employment. *Plaintiff* further agrees and acknowledges that *Defendant* is relying upon this representation in entering into this Agreement. Furthermore, and without in any way limiting the foregoing, the claims waived and released by *Plaintiff* include any possible or alleged claims under the Americans with Disabilities Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the National Labor Relations Act, the False Claims Act, and all amendments to the foregoing, and any and all possible claims under federal laws and/or the laws of the State of Georgia and any other state, any and all possible claims under common law, and any and all claims for back pay, benefits, interest, front pay, lost retirement benefits, compensatory damages, punitive damages, liquidated damages, attorneys' fees, costs, and declaratory relief. Nothing in this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

5.

*Plaintiff* also specifically releases and waives any claims she may have as of the date of execution of this Release against the Released Parties for any claim of age discrimination under the federal Age Discrimination in Employment Act ("ADEA"), as amended, the Older Workers Benefit Protection Act ("OWBPA"), or any state or local law prohibiting age discrimination, ex-

Initials _____

Initials _____

cept that *Plaintiff* does not waive her right to challenge the knowing and voluntary nature of the release.

6.

*Plaintiff* represents and warrants that Michael B. Weinstein, Esq. of MBW Law, LLC is and has been, the sole attorney for her with respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by *Defendant* under the Agreement are intended to include all legal fees, costs, and/or expenses for which *Defendant* could be liable in connection with the Civil Action.

## WARRANTY

7.

*Plaintiff* represents and warrants that she alone is entitled to assert any claim she may have against *Defendant* of any kind or character arising out of, or as a consequence of, her employment with *Defendant* to date, including but not limited to, the matters which were alleged or could have been alleged in the Civil Action. *Plaintiff* further represents and warrants that she is fully authorized to enter into this Agreement. *Plaintiff* agrees to indemnify and hold *Defendant* harmless from any claim by any other person who is determined to have the right or authority to assert any claim on her behalf against Serving Crabapple, as described in this Paragraph, and further agrees to indemnify and hold *Defendant* harmless from any costs, expenses or damages sustained by reason of any such claim.

Initials _____

Initials _____

## ENTIRE AGREEMENT

8.

*Plaintiff* affirms that the only consideration for her agreement to execute, and her execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused her to execute the Agreement; that she fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that she has been advised to consult with legal counsel prior to executing the Agreement; that she has had a reasonable period of time within which to consider the Agreement; and that she has had the benefit of legal counsel before executing the Agreement.

## REMEDIES FOR BREACH

9.

In the event of a breach of any of the terms of the Agreement by *Plaintiff*, or *Defendant*, the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder. In the event of a breach by *Defendant*, the entire outstanding principal balance shall immediately become due and payable. Interest shall accrue on the outstanding balance at the statutory rate.

## CONSTRUCTION

10.

Any modification or change to this Agreement must be made in writing with the consent of all parties. No failure to exercise and no delay in exercising any right, remedy, or power under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any

Initials _____

Initials _____

right, remedy, or power under this Agreement preclude any other or further exercise thereof, or the exercise of any other right, remedy, or power provided herein or by law or in equity. The drafting and negotiation of this Agreement have been participated in by *Plaintiff* and *Defendant*, and for all purposes this Agreement shall be deemed to have been drafted jointly by each. This Agreement may be executed in counterparts. If this Agreement is executed in counterparts, each counterpart shall be deemed an original, and all counterparts so executed shall constitute one agreement binding on all of the Parties hereto, notwithstanding that all of the Parties are not signatory to the same counterpart. Execution of this Agreement by the Parties via facsimile signatures shall be deemed the same as original signatures. The headings contained in this Agreement are for convenience and reference purposes only and shall not be deemed to be a part of the Agreement or to offer the meaning or interpretation of this Agreement. The Recitals are deemed to be a part of this Agreement.

## **NON-DISPARAGEMENT**

### 11.

*Plaintiff* agrees and promises that unless required by law to do so, she will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages Serving Crabapple's reputation or business. Serving Crabapple agrees and promises that unless required by law to do so, they will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages *Plaintiff*.

- 8 -

Initials _____

Initials _____

## JUDICIAL APPROVAL OF SETTLEMENT

12.

The parties agree to submit this Agreement to the Court for judicial review and approval. No portion of the payment described in Paragraph 2 of this Agreement will be disbursed to *Plaintiff* until the Court has approved this Agreement. The parties shall request that the Court expressly retain jurisdiction until all payments described in Paragraph 2 of this Agreement has been made. In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

## OTHER RELIEF, AGREEMENTS AND COVENANTS

13.

*Plaintiff* represents, warrants, and agrees that she has not initiated any judicial, administrative, or criminal proceeding, investigation or inquiry Serving Crabapple other than the Civil Action (inclusive of the Charge of Discrimination underlying the Civil Action). *Plaintiff* agrees to voluntarily withdraw any and all administrative complaints and/or charges she has filed against Serving Crabapple and which are presently pending before any administrative body, to the extent there are any, forwarding proof of her dismissal to counsel for *Defendant*.

14.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

15.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any

- 9 -

Initials _____

Initials _____

provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

16.

This Agreement inures to the benefit of *Defendant* and its successors, assigns, heirs, executors, and administrators, and *Plaintiff* consents and agrees that to the extent required by law, this Agreement may be freely assigned to, and enforced by, Serving Crabapple's successors and assigns.

### JURISDICTION AND VENUE

17.

Any proceeding arising from, related to or to interpret or enforce the terms of this Agreement shall take place in a state Court located in Cobb County, Georgia, or in the United States District Court for the Northern District of Georgia, Atlanta Division, and *Plaintiff* and *Defendant* consent and agree to the sole and exclusive jurisdiction of such courts and the venue of such proceedings.

### NOTICE TO EMPLOYEE OF RIGHTS UNDER THE FEDERAL AGE DISCRIMINATION IN EMPLOYMENT ACT, PERIOD TO CONSIDER AGREEMENT AND RIGHT TO REVOKE AGREEMENT/AGREEMENT NOT TO SEEK RE-EMPLOYMENT

18.

The Agreement means, in part, that you give up your rights to damages or money based on claims of age discrimination against *Defendant*, if the age discrimination claims arose before

- 10 -

Initials _____

Initials _____

you signed the Agreement. Any claims for damages or money based on age discrimination, which may arise after signing the Agreement, are not affected by the Agreement.

You acknowledge that you have been given ample time of not less than **twenty-one (21)** calendar days to consider the Agreement, that you have been advised to consult with an attorney prior to signing it, that you have in fact consulted with an attorney prior to signing it, and that your signing of the Agreement is completely voluntary.

*Plaintiff* agrees not at any time to apply to be reinstated, re-employed or employed by *Defendant* and/or its affiliated entities and expressly waives any right she may have to reinstatement or employment by *Defendant* and/or its affiliated entities.

THE UNDERSIGNED STATES THAT SHE HAS CAREFULLY READ THE AGREEMENT, WHICH CONSTITUTES EIGHTEEN (18) NUMBERED PARAGRAPHS AND THIRTEEN (13) PAGES EXCLUSIVE OF THE ATTACHED EXHIBIT, AND KNOWS AND UNDERSTANDS ITS CONTENTS AND THAT SHE EXECUTES IT AS HER FREE ACT AND DEED.

{SIGNATURES ON FOLLOWING PAGES}

Initials _____

Initials _____

IN WITNESS WHEREOF, the undersigned have hereunto set their hand and seal this _10_ day of January, 2012.

_____
Kathryn Desantis

Sworn to and subscribed before me this _10_ day of January, 2012.

_signature_
NOTARY PUBLIC
My Comm'n Expires:
State of Georgia
My Commission Expires May 4, 2013

_____
Serving Crabapple, LLC
By: Chris Hademann
Its: Owner

Sworn to and subscribed before me this _11th_ day of January, 2012.

Michel H Makany
NOTARY PUBLIC
My Comm'n Expires: Nov 2 2014

Sworn to and subscribed before me this ___ day of January, 2012.

MICHEL H MAKANY
NOTARY PUBLIC
Fulton County - State of Georgia
My Comm. Expires Nov. 2, 2014

NOTARY PUBLIC
My Comm'n Expires:

12

Initials _____

Initials _____

SO AGREED AND APPROVED BY:

*/s/ Michael B. Weinstein*

Michael B. Weinstein, Esq.
Georgia Bar No: 746386
4640 Valais Court
Suite 203
Alpharetta, Georgia 30022
(678) 387-3396
Fax (678) 990-1732

Counsel for Plaintiff

*/s/ David Allen Roberts*

David Allen Roberts, Esq.
Georgia Bar No: 608444
The Roberts Firm, P.C.
267 West Wieuca Road, NE
Suite 204
Atlanta, Georgia 30342

Counsel for Defendant

*/s/ Kenneth N. Winkler*

Kenneth N. Winkler
Georgia Bar No.: 770749
Kristin N. Zielmanski
Georgia Bar No.: 300286
3423 Piedmont Road, NE
Suite 200
Atlanta, Georgia 30305
T: (404) 261-7711
F: (404) 233-1943

Counsel for Defendant

Initials _____

Initials _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHRYN DESANTIS, | : |
| *Plaintiff*, | : |
| vs. | : Civil Action Number:<br>: 1:11-cv-2730 |
| SERVING CRABAPPLE, LLC, | : |
| Defendants. | : |

## STIPULATION OF DISMISSAL WITH PREJUDICE

COME NOW Plaintiff and Defendant and, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), agree to the dismissal with prejudice of this action, with each party to bear its own respective costs.

Pursuant to N.D. Ga. R. 7.1, the below signatory attorney certified that this pleading was prepared with times New Roman (14 point), one of the fonts and point selections approved by the Court in local N.D. Ga. R. 5.1 C.

This the _____ day of _____, 2012.

[SIGNATURE PAGE FOLLOWS]

Exhibit "A"

| | |
|---|---|
| **SO STIPULATED:** | **SO STIPULATED:** |
| /s/ *Michael B. Weinstein* | s/ *David Allen Roberts* |
| Michael B. Weinstein, Esq. | David Allen Roberts, Esq. |
| Georgia Bar No: 746386 | Georgia Bar No: 608444 |
| 4640 Valais Court | The Roberts Firm, P.C. |
| Suite 203 | 267 West Wieuca Road, NE |
| Alpharetta, Georgia 30022 | Suite 204 |
| (678) 387-3396 | Atlanta, Georgia 30342 |
| Fax (678) 990-1732 | |
| | s/*Kenneth N. Winkler* |
| Counsel for Plaintiff | Kenneth N. Winkler, Esq. |
| | Georgia Bar No.: 770749 |
| | Kristin N. Zielmanski |
| | Georgia Bar No.: 770749 |
| | 3423 Piedmont Road, NE |
| | Suite 200 |
| | Atlanta, Georgia 30305 |
| | T: (404)261-7711 |
| | F: (404)233-1943 |
| | |
| | Counsel for Defendants |

Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHRYN DESANTIS, | : |
| *Plaintiff*, | : |
| | : Civil Action Number: |
| vs. | : 1:11-cv-2730 |
| | : |
| SERVING CRABAPPLE, LLC, | : |
| *Defendants*. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **STIPULATION OF DISMISSAL WITH PREJUDICE** using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

> David Allen Roberts, Esq.
> The Roberts Firm, P.C.
> 267 West Wieuca Road, NE
> Suite 204
> Atlanta, Georgia 30342
>     *Counsel for Defendant*

> Kenneth N. Winkler, Esq.
> Kristin N. Zielmanski, Esq.
> 3423 Piedmont Road, NE
> Suite 200
> Atlanta, Georgia 30305
>     *Counsel for Defendant*

Exhibit "A"

Respectfully submitted this _____ of ____, 2012.

/s/ *Michael B. Weinstein*
Michael B. Weinstein, Esq.
Georgia Bar No: 746386

4640 Valais Court
Suite 203
Alpharetta, Georgia 30022
(678) 387-3396
Fax (678) 990-1732

419384

Exhibit "A"